UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CLAYVON CURRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADULT CORRECTIONAL HEALTH, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-01170 KJM AC<br><br><br>ORDER |

　　　　Plaintiff is a former county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this civil action based on 28 U.S.C. § 1915.

　　　　Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee in full.  See 28 U.S.C. § 1915(a).  Accordingly, the motion to proceed in forma pauperis will be granted.[1]  ECF No. 9.

---

[1] This ruling means that plaintiff still has to pay the filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  It just allows the filing fee to be paid in monthly installments that are taken from the inmate's prison trust account.  This order requires the prison to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR, requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's prison trust account.  These payments will be taken until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

I. Statutory Screening Requirement for Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Factual Allegations in the Complaint

Plaintiff alleges that after he was transferred to the Sacramento County Jail on October 25, 2022, he was denied proper medical care even though he told staff about his medical needs. Due to the medical staff's failure to provide him with glasses after his contact lenses were too old, he developed an eye infection that caused him pain and damaged his vision. Plaintiff was ultimately

hospitalized on April 4, 2023 due to this lack of proper medical care.

In claim two, plaintiff contends that Dr. Jacqaline Abdallah and supervising staff of the Adult Correctional Health Department lowered the dosage of his Suboxone medication. As a result, plaintiff suffered pain, cold sweats, shakes, and fatigue.

### III. Legal Standards Governing Claims for Relief

#### A. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

#### B. Deliberate Indifference to Serious Medical Needs

Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096. A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith,

3

203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case."  Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

IV.   Analysis

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any Eighth Amendment deliberate indifference claim against defendants. Plaintiff describes in general terms a lack of proper medical care by staff of Adult Correctional Health at the Sacramento County Jail.  "Persons" who may be sued under Section 1983 are "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities."  Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).  Adult Correctional Health Services and the Sacramento County Jail are not "persons" within the meaning of 42 U.S.C. § 1983 and are therefore not proper defendants in this action.  See Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.'  Cook County Jail is not a 'person....'").  In order to state a claim for relief under section 1983, plaintiff must link a named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Based on this deficiency,

4

Claim One does not state an Eighth Amendment deliberate indifference claim.

Claim Two of the complaint alleges a difference of opinion about what specific dosage of medication plaintiff should receive.  However, a difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for, or extent of, medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Therefore, plaintiff has not stated a colorable Eighth Amendment claim against any named medical provider.

Based on these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint.

V.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.

    VI.  <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

  Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

  Your complaint will not be served because the facts you alleged are not enough to state a claim.  A civil rights action may only proceed against a named person.  The complaint must say who did what to violate your rights.  Mere disagreement with your medical providers is not sufficient to state a constitutional violation.

  You may amend your complaint to try to fix these problems.  If you choose to file an amended complaint, pay particular attention to the legal standards provided in this order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.  If you choose to file an amended complaint, it must include all claims you want to bring.  **Any claims and information not in the amended complaint will not be considered.**

  In accordance with the above, IT IS HEREBY ORDERED that:

  1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) is GRANTED.

  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

  3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

  4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the legal standards described in this order.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 2, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE